UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ALAN HARR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHANNEL 17 NEWS, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00093 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Wayne Alan Harr initiated this action by filing a complaint against Channel 17 News, Mercy Hospital, San Joaquin Community Hospital, Serenity House, and the Bakersfield Police Department "for gross malicious physiological infliction of psycho-physiological [distress]." (Doc. 1 at 1)  Because Plaintiff fails to allege sufficient facts to support his claims or a determination that this Court has jurisdiction over the matter, the complaint is **DISMISSED** with leave to amend.

**I.　Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, the Court may grant leave to amend a complaint if the deficiencies in the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.      Factual Allegations**

Plaintiff asserts the defendants are liable for "gross malicious physiological infliction of psycho-physiological [distress]." (Doc. 1 at 1)  According to Plaintiff, he was invited to visit Channel 17 News to "be interviewed as a Republican candidate for President of the United States of America." (*Id.* at 3)  However, Plaintiff contends he was arrested for misdemeanor trespassing on the Channel 17 News property. (*Id.*)

In addition, Plaintiff reports he currently resides at Serenity House, which is "owned and operated by Christian Felix and her boyfriend 'Bob.'" (Doc. 1 at 3)  Plaintiff alleges the owners have failed to protect him from a female resident who "attacked Plaintiff with a butcher knife." (*Id.*)  He asserts another resident named Nick "assaulted Plaintiff while 'Bob' watched." (*Id.*)  According to Plaintiff, Nick was arrested by Bakersfield police officers, but he was not prosecuted. (*Id.*)  Further, he alleges a third resident named Kevin "assaulted Plaintiff in the bathroom," after which police officers "advised Plaintiff 'to move out.'" (*Id.*)

Finally, Plaintiff contends the "Bakersfield Police Department is liable to Plaintiff in the amount of $1 billion dollars for stealing Plaintiff's Bakersfield Police Department badge." (Doc. 1 at 6)  He asserts that the department promised to return the badge "on numerous occasions" but has not done so.

(*Id.*)  Further, he alleges that "Bakersfield police offers have beaten Plaintiff after arresting Plaintiff for allegedly resisting arrest [for] which Plaintiff was [exonerated]." (*Id.*)

Based upon the foregoing facts, Plaintiff contends the defendants "are liable to Plaintiff for malicious gross intentional infliction of psychological distress." (Doc. 1 at 6)

### V. Discussion and Analysis

#### A. Intentional infliction of emotional distress

To state a cognizable claim for intentional infliction of emotional distress, Plaintiff must allege: (1) outrageous conduct by the defendants (2) who intended to cause or recklessly disregarded the probability of causing emotional distress, (3) and the defendants' actions were the actual and proximate cause (4) of Plaintiff's severe emotional suffering.  *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998)).  Outrageous conduct is demonstrated when a "defendant's conduct was 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'"  *Van Horn v. Hornbeak*, 2009 U.S. Dist. LEXIS 16134, at *8 (E.D. Cal. Feb. 18, 2009) (quoting *Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886, 895 (1982)).  Here, Plaintiff has failed to link individual defendants to any outrageous conduct, and has not alleged facts which show a specific intent to cause Plaintiff emotional distress. Moreover, Plaintiff has failed to recognize that, except for the Bakersfield Police Department and its officers, **none** of the defendants are state actors such to invoke federal court jurisdiction and this claim is a mere state law tort.  Accordingly, Plaintiff has failed to state a cognizable claim for intentional infliction of emotional distress, and this cause of action is **DISMISSED** with leave to amend.

#### B. Excessive Force

Plaintiff suggests the Bakersfield Police Department is liable for the use of excessive force during the course of his arrest(s).  The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment."  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest,

investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted).  In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).  In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007).  Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Here, Plaintiff fails to provide any facts related to the actions taken by officers in the course of his arrest.  Plaintiff must do more than offer only his conclusion that the officers used excessive force; he must provide sufficient facts support his claim. *Iqbal*, 556 U.S. at 678.  Given the lack of supporting factual allegations, Plaintiff fails to state a cognizable claim for the use of excessive force, and this claim is **DISMISSED** with leave to amend.

**VI.     Conclusion and Order**

Plaintiff has failed to provide sufficient facts sufficient to support his claims.  However, the deficiencies identified in this order may be cured if Plaintiff provides additional facts to support his

claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts alleged, and that an opportunity to amend would be futile).  If Plaintiff fails to provide information supporting his claims, the Court will find he is unable to do so.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   **February 1, 2016**         /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE