**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE ALAN HARR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHANNEL 17 NEWS, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-0093 - AWI- JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING THE CONSTRUED MOTION TO DISMISS CERTAIN DEFENDANTS AND CLAIMS AND DISMISSING THE MATTER WITHOUT PREJUDICE FOR LACK OF JURISDICTION<br><br>(Doc. 4) |

　　　　Plaintiff Wayne Alan Harr initiated this action by filing a complaint against Channel 17 News, Mercy Hospital, San Joaquin Community Hospital, Serenity House, and the Bakersfield Police Department. Because Plaintiff requests that the Court "release the Bakersfield Police Department as Defendants" (Doc. 4 at 1), Plaintiff does not present any federal claims in this action. Accordingly, the Court recommends the matter be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**I.　　Background**

　　　　Plaintiff initiated this action by filing a complaint on January 21, 2016. (Doc. 1) The Court screened the complaint pursuant to 28 U.S.C. 1915(e)(2), and determined Plaintiff failed to allege sufficient facts to support his claims or a determination that this Court has jurisdiction over the matter. (Doc. 3 at 1) The Court informed Plaintiff that his claim for intentional infliction of emotional distress was a state law claim and, with the exception of the Bakersfield Police Department and its officers, "**none** of the defendants are state actors such to invoke federal court jurisdiction." (*Id.*, emphasis in

1

original)  In addition, although Plaintiff suggested the Bakersfield Police Department was liable for the use of excessive force during the course of his arrest(s), he failed "to provide any facts related to the actions taken by officers in the course of his arrest." (*Id.* at 5)  Accordingly, the Court dismissed the complaint with leave to amend to cure the factual deficiencies.

On February 8, 2016, Plaintiff filed a response to the Court's order, requesting that the Court "please release the Bakersfield Police Department as defendants." (Doc. 4 at 1)  Toward this end, he submits a copy of the order striking through all references to these defendants and to the claim of excessive force.  The Court construes this request as a motion to dismiss the Bakersfield Police Department.

## II.     Jurisdiction

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

## III.    Discussion and Analysis

In his complaint, Plaintiff asserted the defendants were liable "for gross malicious physiological infliction of psycho-physiological [distress]" (Doc. 1 at 1), which the Court construed to be a claim for

intentional infliction of emotional distress. However, the factual allegations were insufficient to support his claims. (Doc. 3 at 4) In addition, Plaintiff suggested the Bakersfield Police Department was liable for the use of excessive force during the course of his arrest, because Plaintiff alleged he was "beaten…for allegedly resisting arrest." (Doc. 1 at 6) The Court informed Plaintiff of the requirements to state a claim for excessive force in violation of the Fourth Amendment, and determined the factual allegations were insufficient to state a claim. (Doc. 3 at 5) Accordingly, the Court dismissed the complaint with leave to amend.

On February 8, 2016, Plaintiff filed a response to the Court's order, requesting that the Bakersfield Police Department and the officers be dismissed. (Doc. 4 at 1) Plaintiff also attached a copy of the Court's prior order, striking out all references to the Bakersfield Police Department and its officers, as well as his claim for excessive force. (*Id.* at 2-7) Accordingly, the only claim upon which Plaintiff intends to proceed is for intentional infliction of emotional distress.

Significantly, however, a claim for intentional infliction of emotional distress arises under California law. *See Le v. Sandor*, 2015 U.S. Dist. LEXIS 17542 (E.D. Cal. Feb. 12, 2015) (explaining a claim for intentional infliction of emotional distress arises under state law). Because no federal claims remain in the action, the Court should not exercise jurisdiction over the matter. *Les Shockley Racing v. National Hot Rod Assoc.*, 884 F.2d 504, 509 (9th Cir.1989) (when only state claims remain, "the court should decline jurisdiction over the state claims and dismiss them without prejudice"); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if — the district court has dismissed all claims over which it has original jurisdiction").

**IV.    Findings and Recommendations**

Based upon Plaintiff's expressed intent to dismiss the Bakersfield Police Department and its officers as defendants, and abandon his claim for excessive force, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's construed motion to dismiss the Bakersfield Police Department, its officers and the Chief of Police and his claim for excessive force in violation of the Fourth Amendment of the Constitution (Doc. 4), be **GRANTED**;

2. The action be **DISMISSED** without prejudice for lack of subject matter jurisdiction; and

4. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 14 days after being served** with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 19, 2016**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE